# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JIMMY SCOTT ELKINS,** ) | Civil Action No. 7:11-cv-00427 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **JUDGE WILLS,** ) | By: Hon. Michael F. Urbanski | |
| Defendant. ) | United States District Judge | |

Jimmy Scott Elkins, a federal prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as the sole defendant Judge Wills of the Wise County, Virginia, Juvenile and Domestic Relations Court. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the Complaint without prejudice as frivolous.

I.

Plaintiff alleges that Judge Wills put his daughter in a foster home for an unspecified charge that Judge Wills dismissed a few days earlier. Plaintiff believes Judge Wills violated his right to religious freedom by forcing his daughter to attend public school because plaintiff homeschooled his daughter through a Christian homeschooling program before she moved into foster care. Plaintiff requests unspecified damages and that Judge Wills be punished.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest

which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, it is well-settled that a judge is "absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id.

Based on plaintiff's allegations, it is clear that Judge Willis acted pursuant to the authority vested in a Virginia domestic relations judge. Furthermore, the court lacks the necessary jurisdiction to "punish" a state court judge. Therefore, plaintiff pursues an

2

indisputably meritless legal theory to recover damages and punish a state court judge as a result of judicial proceedings. Accordingly, the court dismisses the Complaint without prejudice as frivolous. See <u>McLean v. United States</u>, 566 F.3d 391, 399 (4th Cir. 2009) (stating dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

III.

For the foregoing reasons, the court dismisses the Complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: September 14, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge